EDWIN W. GARDNER & another *vs.* RICHARD PEASLEE &
others.

Essex.   Nov. 3, 1886. — Jan. 10, 1887.   DEVENS, W. ALLEN, & GARDNER,
JJ., absent.

In an action for use and occupation against A. and B., it appeared that A. took no
part in the hiring of the plaintiff's premises, except that he was present when
B. made the agreement with the plaintiff; that B. hired the premises for the
purpose of carrying on business there under the name of A.; that the plaintiff
made out his bills for rent to B.; and that the plaintiff afterwards proved the
claim which is the subject of this action against the estate of A. in insolvency.
The judge ruled that there was no evidence that A. had made a contract with
the plaintiff; instructed the jury that, if A. was the agent of B., the plaintiff
could not recover against B.; and refused to rule that, if B. was doing business
under the name of A., and the premises were hired in furtherance of said busi-
ness, the plaintiff could not recover.   The jury found for the plaintiff against
B.   *Held*, that B. had no ground of exception.

TWO ACTIONS OF CONTRACT, against Richard Peaslee and
Benjamin W. Morrill, copartners under the name of Benjamin
W. Morrill, and against Charles H. Peaslee.   The first action
was brought to recover $225, for the use and occupation of cer-
tain premises in Haverhill for the months of July, August, and
September, 1885.   The second was to recover $75, for the use
and occupation of the same premises in the month of October,
1885.   The cases were tried together in the Superior Court, be-
fore *Mason*, J., who allowed a bill of exceptions, in substance as
follows:

The defendants rested their case on the plaintiffs' evidence,
which tended to show the following facts.

Before the contract of hiring mentioned below was made, Richard Peaslee and Morrill examined the premises in company with one of the plaintiffs, and some inquiries concerning the terms of letting were made by them at that time. A short time afterwards, Richard Peaslee, Charles H. Peaslee, and Morrill, in company with the same plaintiff, examined the premises again, and after the examination, but before the parties separated, Richard Peaslee and Charles H. Peaslee, in the presence and hearing of Morrill, had some conversation, as to the terms of letting, with the plaintiff. Richard Peaslee, by whom the conversation was principally conducted on the part of the defendants, then turned aside from the plaintiff and consulted with the other two; he then turned to the plaintiff, in the presence of the other two, and said, " Mr. Gardner, we will take that building." It did not appear that Morrill personally had any talk with the plaintiff.

It further appeared in evidence, that this building was hired for the purpose of manufacturing boots and shoes by Richard Peaslee and Charles H. Peaslee, under the name of B. W. Morrill; that the business was conducted on the premises, under the name of B. W. Morrill; and that goods were sold to the firm under that name, and the statements of goods sold to the firm were made out to B. W. Morrill, but the plaintiffs' rent bills were made out to R. Peaslee and Son, and all the bills of the firm were paid in checks signed " B. W. Morrill," which were drawn by Morrill, but which, in the case of the plaintiffs' rent bills, were drawn and signed in the presence and under the direction of Richard Peaslee.

It further appeared, that, at the time of the letting, the plaintiffs did not understand that B. W. Morrill was a contracting party, but only a figure-head and a cover for R. Peaslee and Son; that the plaintiffs instructed their book-keeper to charge the rent for the premises, and to make out the rent bills, to " R. Peaslee and Son; " and that the plaintiffs, at the time of said letting and thereafterwards, understood that whatever B. W. Morrill did in the business of B. W. Morrill, he did in behalf of R. Peaslee and Son, and as a figure-head. There was no evidence that Morrill in person took any part in the hiring of the premises, except being present during the examinations of the

premises, and at the conversations between the two Peaslees and the plaintiffs, as before stated.

It further appeared, that, on September 29, 1885, the assets of the concern of B. W. Morrill, being the stock and machinery used in said business, were attached on the writ in the first of these actions; that the defendant Morrill thereupon, in December of the same year, filed his petition in insolvency, and the property attached vested in his assignee. On February 16, 1886, the plaintiffs proved the claims sued for in the present actions against the estate of Morrill in insolvency, and also proved a claim for the costs and expenses of said suits. Said proofs contained the statement that said claim was due for the use and occupation of certain premises hired by Morrill, with other persons, from the plaintiffs.

· The defendants requested the judge to instruct the jury as follows: "1. In the hiring of said premises, and in the management of the business of R. Peaslee and Son, Morrill acted as their agent, and the plaintiffs, by proving their claim against the estate in insolvency of said Morrill, have elected to hold the agent, and cannot recover in these actions. 2. If Morrill was not the defendants' agent in hiring said premises, but contracted jointly with them, then' the plaintiffs cannot recover in the present actions." The judge declined so to rule.

After the arguments in the case were begun, the defendants further requested the judge to instruct the jury as follows: "3. The plaintiffs are not entitled to recover. 4. If R. Peaslee and Son were doing business under the name of B. W. Morrill, and the premises of the plaintiffs were hired in furtherance of said business, the plaintiffs are not entitled to recover." The judge declined to give these rulings, upon the ground that they were not seasonably requested; and ruled, as a matter of law, that there was not sufficient evidence to warrant the jury in finding that Morrill was a joint contractor with the Peaslees. Judgment was then entered in favor of Morrill. The judge further ruled, as matter of law, that, if the contract of hiring was in fact made with Morrill as the agent of the Peaslees, the action could not be maintained; and instructed the jury as follows: "But it is for you to say, upon the evidence, whether the contract was made with the Peaslees direct, or with Morrill

as their agent. It does not show that the contract was made with Morrill as the agent of the Peaslees, that he was present at the time of the conversation between the plaintiff and Richard Peaslee, unless he assumed to conduct the negotiations and to make the agreement. It does not establish the fact that the contract was effected by him as the agent of the defendants, it does not show that the original hiring was by Morrill, as the agent, to show that he subsequently drew the checks by which the rent was paid, but you are to take the whole evidence as it has been given, and determine as matter of fact whether the hiring in question was made by the Peaslees, or by Morrill as their agent. If it is established that that hiring was by Morrill as the agent, then this action cannot be maintained; but if the evidence satisfies you that the hiring was by the two Peaslees, and that they did occupy the premises, and I do not understand that there is any controversy of there being an occupancy, then the plaintiffs are entitled to recover."

The jury returned a verdict for the plaintiffs in each case; and the defendants alleged exceptions.

*B. B. Jones*, for the defendants.

*F. H. Pearl*, for the plaintiffs.

FIELD, J. There was evidence for the jury that Richard Peaslee and Charles H. Peaslee hired the premises of the plaintiffs, and entered into possession as their tenants. The court ruled, as matter of law, that there was not sufficient evidence to warrant the jury in finding that Morrill was a joint contractor with the Peaslees; and also ruled that, if the contract of hiring was in fact made with Morrill as the agent of the Peaslees, the action could not be maintained. Neither party excepted to these rulings, and it must therefore be taken that the jury found that Morrill was not a joint contractor with the Peaslees, and did not hire the premises as their agent. Under this state of facts, the proof by the plaintiffs of their claims against the estate of Morrill in insolvency, which were the claims on which these suits were brought, does not affect their right to proceed against the Peaslees. On the facts found, Morrill was never their debtor, either severally or jointly with the Peaslees, and the plaintiffs never had the right to elect to hold him as their debtor, and the proceedings by the plaintiffs against his estate are proceedings

against the estate of one who is a stranger to the transaction. It is immaterial whether the ruling that the requests numbered three and four were not seasonably made is erroneous or not, because they ought not to have been granted.

*Exceptions overruled.*